UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 8 2009
Judge David H. Coar
United States District Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CR 549-4 |
| | ) | |
| SHERMAN SWOPES, | ) | JUDGE COAR |
| | ) | |
| Defendant. | ) | |

## SWOPES PLEA DECLARATION - COUNTS 2 and 3

SHERMAN SWOPES, after consultation with his attorney, Susan Shatz, acknowledges and states as follows:

1. Mr. Swopes is charged in Counts 1, 2 and 3 of a three count superceding indictment which charges various defendants with conspiring to commit bank extortion - 18 U.S. C. § 2113(a) and 2, 18 U.S. C. § 372 (Count One); Attempted bank extortion - 18 U.S. C. § 2113(a) and 2 (Count Two) and; knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S. C. § 924(c)(1)(A), and 2 (Count Three).

2. Mr. Swopes has read the charges against him contained in the superceding indictment and the charges has been fully explained to him by his attorney.

3. Mr. Swopes understands the nature and elements of the offense with which he has been charged. Mr. Swopes will enter a voluntary plea of guilty to Counts 2 and 3 of the superceding indictment.

1

## FACTUAL BASIS

4. Around 2:00 am on July 10, 2008, Tony Callion, Daniel Gibbs and Natalie Hoisington were driving around together. They approached Sherman Swopes who was on his bicycle. Callion, who Swopes knew from the neighborhood, invited him to "hit a lick". Swopes understood this to mean rob an individual. Swopes was not aware that these individuals were planning a kidnaping. Swopes was not present when his co-defendants met, in the days leading up to the kidnaping, to discuss their plans. Swopes agreed to the robbery and got in the vehicle with Callion, Gibbs and Hoisington.

Swopes was driven by them to another location where they met up with Israel Collins who was waiting in a second vehicle. After meeting up, Callion, Swopes and Collins got into one vehicle while Gibbs and Hoisington stayed in the second vehicle. While Swopes was in the car, some of the co-defendants started watching Charles Zachary and discussing their plans. At that point, Swopes realized that they intended to kidnap Zachary. Callion gave a gun to Swopes and told him he would have to jump out of the car to grab Zachary because Zachary would recognize Callion. Swopes became nervous and tried to figure out how to get out of the situation. While this was occurring, Zachary got into his Cadillac Escalade and drove away. Both vehicles followed Zachary to his residence. Swopes was told to grab him. Swopes was worried that he was now a witness and might be harmed by his co-defendants if he tried to flee. Collins and Swopes grabbed Zachary. Swopes no longer had the gun but Collins was armed. Swopes handcuffed Zachary, put tape over his eyes and helped get Zachary into the vehicle. Later, when they arrived at Durham's residence, Swopes helped escort Zachary into the residence.

2

Zachary offered to pay for his release with money that was held for him by a lady on Wood Street. When that did not work out, Zachary proposed that his girlfriend, who worked in a bank could get the money. The demand for ransom was conveyed to the girlfriend who in turn conveyed the demand to the bank. Ultimately, approximately $40,000 was obtained from the bank to secure Zachary's freedom. The banks deposits were insured, at the time, by the FDIC.

At some point before the money was received Swopes tried to leave the residence, telling the others that his son needed treatment at a nearby hospital. Some of the co-defendants were whispering among themselves that Swopes should not be allowed to leave. Swopes feared he would be harmed if he attempted to leave. Swopes was still in the residence when the police arrived.

## MAXIMUM STATUTORY PENALTIES

5. Mr. Swopes understands that Count Two, to which he is pleading guilty, carries a maximum penalty of up to twenty years imprisonment and a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Mr. Swopes further understands that the Court may also impose a term of supervised release of not more than three years and any restitution ordered by the Court.

Mr. Swopes further understands that Count Three, to which he is pleading guilty, carries a maximum penalty of life imprisonment, and a statutory mandatory minimum sentence of seven years. Further, Swopes understands that the sentence imposed for Count Three will run consecutive to any sentence imposed for Count Two.

6. Pursuant to 18 U.S.C. § 3013, upon entry of judgment of conviction, the Court will assess Mr. Swopes $200 for the court of conviction, payable to the Clerk of the United States District Court, with a cashier's check or money order, at the time of sentencing, in addition to any other penalties imposed.

## ADVISORY GUIDELINE RANGE

7. Mr. Swopes understands that the sentencing guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 are merely advisory, not mandatory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005). He further understands that the Court must consider the guidelines as one of several factors set forth in 18 U.S.C. § 3553(a) in determining a reasonable sentence.

## TRIAL RIGHTS AND APPELLATE RIGHTS

8. Mr. Swopes has discussed with his attorney and understands that by pleading guilty he is waiving certain rights, including the following:

(a) If he persisted in a plea of not guilty to the charge against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a bench trial, where the judge and not a jury would hear the evidence and find the facts. However, the Court, the defendant and the government would have to agree to the judge hearing the matter without a jury.

(b) If a jury trial were held, the jury would be comprised of twelve citizens, selected at random. Defendant and his attorney would have the right to eliminate any prospective jurors for cause whose actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to unanimously agree before it could return a verdict of either guilty or not guilty. The jury

would be instructed that the Defendant is presumed innocent and that it could not convict him until and unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(c) If the trial were held by a judge without a jury, the judge would find the facts and determine after hearing all the evidence and considering each count separately, whether or not he was persuaded of the Defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a judge or jury, the government would be required to present witnesses and other evidence against the Defendant. The Defendant has the right to confront the government witnesses and his attorney would have the right to cross- examine them. Additionally, the Defendant has the right, but not the obligation to present evidence and witnesses in his own behalf. However, because he is presumed innocent and need not prove his innocence, he is not required to present any evidence in his behalf. Further, if the Defendant chose to present witnesses, he could require their attendance in court through the subpoena power of the court.

(e) At trial, the Defendant would have the privilege against self-incrimination and could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the Defendant chose to do so, he could testify in his own behalf.

9. Mr. Swopes understands that by pleading guilty he is waving all the rights set forth in the preceding paragraph. Further, in pleading guilty, Mr. Swopes admits he is guilty and agrees that he should be found guilty. Mr. Swopes has discussed his trial rights with his attorney and understands that by pleading guilty he is waiving all appellate issues that may have been available had he exercised his right to trial, and may only appeal the validity of the Court's pre-trial rulings, his plea of guilty and the

sentence imposed.

## LIMITATIONS and CONSEQUENCES of this PLEA AGREEMENT

10. Mr. Swopes understands that the United States Attorney's Office will fully apprise the Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him and related matters, including all matters in aggravation and mitigation relevant to the issues of sentencing. He further understands that he will be able to present evidence in mitigation at the time of sentencing, pursuant to 18 U.S.C. § 3553(a). Mr. Swopes further acknowledges that the Court's decision as to what constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable guideline range and that he does not have the right to withdraw his plea were the Court to impose a sentence greater than set forth in his Plea Declaration.

11. Mr. Swopes understands that at the time of sentencing, he and the government will be free to make their respective recommendations to the Court, as they deem appropriate, based on the sentencing factors set forth in 18 U.S.C. § 3553(a).

12. Should the Court refuse to accept Mr. Swopes's guilty plea, this Plea Declaration shall become null and void and Mr. Swopes will not be bound thereto. It is Mr. Swopes's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in future court proceedings pursuant to Federal Rules of Criminal Procedure 11(e)(6)(A), (C) and (D).

13. Mr. Swopes understands that the superseding indictment contains a forfeiture allegation and that he has a right to have a jury decide by a preponderance of

the evidence whether certain property in which he is alleged to have an interest is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 982, and that the verdict of the jury on the forfeiture allegation must be unanimous. Mr. Swopes agrees to relinquish his right to have a jury consider whether certain property is subject to forfeiture, and understands that the judge alone will decide whether certain property belonging to the defendant is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 982.

14. Mr. Swopes understands that this Plea Declaration shall be filed and become part of the public record of this case.

15. Mr. Swopes and his attorney acknowledge that no threats, promises or representations have been made, nor any agreements reached to induce Mr. Swopes to plead guilty. Mr. Swopes further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Dated: _____
Sherman Swopes, Defendant

Dated: _____
Susan Shatz - Attorney for
Sherman Swopes

Dated: _____
Halley Guren
Assistant United States Attorney

Susan Shatz
407 S. Dearborn St. # 1675
Chicago, IL. 60605
(312-697-0022)