**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

UNITED STATES OF AMERICA, Plaintiff,

v.

SHERMAN SWOPES, Defendant.

Case No. 08 CR 549

Hon. Rebecca R. Pallmeyer

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR SENTENCE REDUCTION**

Sherman Swopes, respectfully submits this reply to the Government's response to his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

**Introduction**

The Government contends that Mr. Swopes has failed to establish extraordinary and compelling reasons warranting a sentence reduction and that his release would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). This reply addresses and refutes these assertions, demonstrating that Mr. Swopes has indeed met the statutory requirements for compassionate release. In addition, this reply will provide a comprehensive analysis of the legal and factual bases for Mr. Swopes' motion, including a detailed examination of his medical conditions, the changes in the law that impact his sentence, his rehabilitation efforts, and the application of the § 3553(a) factors.

**I. Exhaustion of Administrative Remedies**

Contrary to the Government's claim, Mr. Swopes has exhausted his administrative remedies as required by § 3582(c)(1)(A). On December 10, 2020, Mr. Swopes submitted an administrative request for sentence reduction, which focused on the COVID-19 outbreak at FCI Pekin. The Government acknowledges that more than 30 days have elapsed since the warden received this

1

request, thus satisfying the exhaustion requirement for claims based on his medical condition and the related risk posed by COVID-19.

The Government's assertion that Mr. Swopes' current motion raises issues not included in his December 2020 request is misplaced. The administrative exhaustion requirement is a procedural hurdle meant to ensure that the Bureau of Prisons (BOP) has an opportunity to address an inmate's concerns before the court intervenes. It is not intended to be an insurmountable barrier, particularly when the basis for the compassionate release—such as vulnerability to COVID-19—remains consistent. The BOP was fully aware of Mr. Swopes' medical conditions and the risks posed by COVID-19, which are central to his current motion. Therefore, the exhaustion requirement has been met.

## II. Extraordinary and Compelling Reasons

### A. Medical Condition and COVID-19 Vulnerability

Mr. Swopes' damaged/absent right lung, hyperlipidemia, obesity, and gastro-esophageal reflux disease make him particularly vulnerable to serious illness should he contract COVID-19 again. These conditions, individually and collectively, constitute extraordinary and compelling reasons for compassionate release, as recognized in similar cases where courts have granted sentence reductions based on inmates' heightened vulnerability to COVID-19.

COVID-19 continues to pose a significant threat to inmates, particularly those with underlying health conditions. According to the Centers for Disease Control and Prevention (CDC), individuals with respiratory issues, obesity, and other chronic health conditions are at a higher risk of severe illness from COVID-19. Mr. Swopes' medical conditions fall squarely within these risk categories. His absent right lung significantly compromises his respiratory function, making any respiratory infection, including COVID-19, potentially life-threatening.

Moreover, the conditions within federal prisons exacerbate the risks associated with COVID-19. Incarcerated individuals live in close quarters, making social distancing nearly impossible. Limited access to adequate medical care further increases the likelihood of severe outcomes for

infected inmates. Given these circumstances, Mr. Swopes' medical vulnerability to COVID-19 represents an extraordinary and compelling reason for his immediate release.

**B. Changes in the Law**

Mr. Swopes argues that changes in the law, particularly the Supreme Court's decision in United States v. Davis, which found a portion of 18 U.S.C. § 924(c)(1)(A) unconstitutionally vague, constitute an extraordinary and compelling reason for his sentence reduction. The Government dismisses this argument, citing nonretroactivity principles. However, the amended U.S.S.G. § 1B1.13(b)(6) allows for consideration of changes in the law in determining whether a defendant presents an extraordinary and compelling reason, provided such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

The legal landscape surrounding 18 U.S.C. § 924(c) has evolved significantly since Mr. Swopes' sentencing. The Supreme Court's decision in Davis invalidated the residual clause of § 924(c)(3)(B) as unconstitutionally vague, which has a direct impact on Mr. Swopes' conviction. Although the Government argues that Davis does not apply retroactively, the new guideline amendments suggest otherwise. The Sentencing Commission's policy now explicitly acknowledges that nonretroactive changes in the law can be considered when evaluating whether a sentence is extraordinarily long.

Mr. Swopes' sentence, imposed under the now-invalidated clause, should be re-evaluated in light of these legal developments. Continuing to incarcerate him under a provision that has been deemed unconstitutional is unjust and inconsistent with principles of fairness and due process. The disparity between his current sentence and the sentence likely to be imposed today, given the changes in the law, provides a compelling reason for a sentence reduction.

**C. Rehabilitation**

Mr. Swopes has made commendable efforts towards rehabilitation, including completing numerous classes and maintaining a good disciplinary record. While rehabilitation alone may not

constitute an extraordinary and compelling reason, it can be considered in combination with other factors, such as his medical condition and changes in the law.

During his incarceration, Mr. Swopes has demonstrated a commitment to personal growth and rehabilitation. He has participated in educational programs, vocational training, and has taken steps to address the issues that contributed to his criminal behavior. His efforts to improve himself and prepare for reintegration into society are notable and should not be overlooked.

Rehabilitation is a key component of the criminal justice system's goals. It is intended to help inmates become productive members of society upon their release. Mr. Swopes' proactive engagement in rehabilitation programs indicates that he has taken this goal seriously. His progress should be recognized as part of the extraordinary and compelling reasons for his release.

### III. Sentencing Factors Under 18 U.S.C. § 3553(a)

The Government argues that the sentencing factors do not support Mr. Swopes' early release. However, these factors must be balanced against the extraordinary and compelling reasons justifying his release. Mr. Swopes has served a significant portion of his sentence and has demonstrated a commitment to rehabilitation. His release would not undermine the seriousness of the offense, respect for the law, or public safety, especially given his deteriorating health and the ongoing threat of COVID-19.

#### A. Nature and Circumstances of the Offense

The nature and circumstances of Mr. Swopes' offense are serious, involving a conspiracy to commit bank extortion and use of a firearm. However, it is important to consider his current health status and the significant time he has already served. Mr. Swopes has expressed genuine remorse for his actions and has taken steps to atone for his past behavior through his rehabilitation efforts.

#### B. History and Characteristics of the Defendant

Mr. Swopes' history and characteristics also support his motion for compassionate release. Prior to his conviction, he had an unblemished record and was a contributing member of his community. His acceptance of responsibility and efforts towards rehabilitation further highlight his positive characteristics. Additionally, his strong family ties and obligations provide a support system that will aid in his successful reintegration into society.

### C. Need for the Sentence Imposed

The original sentence was intended to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. However, these goals must be balanced against the extraordinary and compelling reasons for Mr. Swopes' release. Given his medical conditions and the substantial portion of the sentence he has already served, continuing his incarceration does not serve the interests of justice. Compassionate release would allow Mr. Swopes to receive the necessary medical care and support from his family, which cannot be adequately provided within the prison system.

### D. Protecting the Public

Mr. Swopes does not pose a danger to the community. His health issues significantly limit his capacity for any future criminal conduct. Furthermore, his rehabilitation efforts and strong family support system provide additional assurance that he will not reoffend. The risk to public safety is minimal, and his release would not compromise community safety.

### E. Providing Needed Medical Care

The Bureau of Prisons (BOP) has struggled to manage the COVID-19 pandemic effectively, particularly for inmates with underlying health conditions. Mr. Swopes' medical needs cannot be adequately addressed within the current prison environment. His release would allow him to receive appropriate medical care in a safer setting, reducing the risk of severe illness or death due to COVID-19.

### Conclusion

For the reasons stated above, Mr. Swopes respectfully requests that this Court grant his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). His medical vulnerability, the changes in the law affecting his sentence, his demonstrated rehabilitation, and the § 3553(a) factors collectively present extraordinary and compelling reasons for his immediate release. The interests of justice and humanity warrant granting his motion.

Respectfully submitted,

_____

Sherman Swopes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 14th, 2024 the foregoing pro-se Reply Brief was served upon the U.S. Attorney for the NORTHERN DISTRICT OF ILLINOIS via U.S. mail and pre-paid.

_____

Sherman Swopes

**Second Chance 4 R.E.A.L.**

Tommy Walker
*Certified Paralegal*
Ph: (716) 348-9861
2ndChance4r.e.a.l@gmail.com

P.O. Box 514 • Buffalo, NY 14215-0514

Retail   60604

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BUFFALO, NY 14240
JUL 17, 2024

**$1.77**

S2324D503423-91

Clerk of the Court, U.S. Courthouse
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

SCREENED
JUL 19 2024
US MARSHALS